UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GABRIEL JOHNSON           ) | CASE NO. 3:24-CV-01589 (KAD) |
|    *Plaintiff*,                           ) | |
|                                         ) | |
| v.                                     ) | |
|                                         ) | |
| BRIDGEPORT SUPERIOR COURT, ) | OCTOBER 4, 2024 |
| MARGARITA H. MOORE, and  ) | |
| BRIDGEPORT POLICE DEPARTMENT, | |
|    *Defendant(s)*. | |

### ORDER DISMISSING ACTION *SUA SPONTE*
### [RE: (ECF NOS. 1, 2, 3, and 4)]

Kari A. Dooley, United States District Judge:

Plaintiff brings this action against the Bridgeport Superior Court, Superior Court Judge Margarita H. Moore, and the Bridgeport Police Department seeking a "writ of mandate" to enforce a custody order and judgment he represents was issued by the State of California and duly registered in the State of Connecticut. He seeks an Order directing the Defendants to honor the California Judgment and to return the minor child who is the subject of the order and judgment to his custody. He alleges that both the Bridgeport Police Department and Judge Moore permitted the child to remain with the child's mother in contravention of the California Judgment. Plaintiff invokes federal question jurisdiction as he alleges the Defendants violated his due process rights. Upon review, it is clear that this Court is without authority to afford the Plaintiff the relief he seeks.

Under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are generally forbidden from enjoining or interfering with ongoing state proceedings. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100 (2d Cir. 2004). The Supreme Court has applied *Younger* abstention to three categories of cases: (1) state criminal

prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.  *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989).  This case falls squarely within the third category of cases.  *See, e.g.*, *Deem v. DiMella-Deem*, 941 F.3d 618, 624 (2d Cir. 2019) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." (alteration omitted) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))).  And while the allegations are sparse, it is clear that the question of the child's custody is the subject of proceedings in the Superior Court, where the California Judgment was registered, and where Judge Moore presides.  Indeed, the Court takes judicial notice of Superior Court matter captioned *Gabriel Johnson v. Tanya Marie Mureno*, Case No. FBT-FA24-4057250-S, wherein Judge Moore appears to have appointed counsel or a guardian ad litem for the minor child on an emergent basis and has scheduled a status conference for October 11, 2024.  Accordingly, *Younger* abstention is mandatory.

Furthermore, although not cited or explicitly relied upon, under the federal mandamus statute, federal courts do not have the authority to issue writs of mandamus against state officials or courts.  *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." (emphasis added)); *see also Smith v. McKay*, No. 23-CV-588, 2023 WL 7089898, at *1 (D. Conn. Oct. 26, 2023) (collecting cases).  Indeed, "[i]t is well-settled that 'federal courts have no general power to compel action by state officials.'"  *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, No. 05-CV-7314, 2008 WL 4387808, at *8 (S.D.N.Y. Sept. 24, 2008) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d

Cir.1988)) (rejecting application for writ of mandamus compelling state court judge to permit defense counsel's use of race-based peremptory challenges)); *see Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty.").

However, Plaintiff may continue to pursue his rights under the California Judgment in Bridgeport Superior Court and may appeal the Superior Court's decision to the Appellate Court, as permitted under Connecticut law.

Finally, to the extent Plaintiff seeks money damages, Judge Moore and the Bridgeport Superior Court are entitled to absolute judicial immunity. *See Deem*, 941 F.3d 618, 620–21. Further, the Bridgeport Police Department is not an entity that can be sued for money damages under 42 U.S.C. § 1983, if such a claim was Plaintiff's intention. *Yaseen v. Bristol Police Dep't*, No. 23-CV-1042, 2024 WL 4349053, at *3 (D. Conn. Sept. 30, 2024).

This matter is dismissed with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of October 2024.

        /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE